**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HECTOR MUNOZ-ZELAYA,**

      **Petitioner,**

    **v.**                   **Case No.:  6:26-cv-985-PGB-LHP**

**TODD BLANCHE, GARRET J.**
**RIPA, TODD M. LYONS and**
**MARKWAYNE MULLIN,**

      **Respondents.**

_____/

**ORDER**

This cause is before the Court for consideration without oral argument on Petitioner Hector Munoz-Zelaya's ("**Petitioner**") Petition for Writ of Habeas Corpus (Doc. 1 (the "**Petition**")) and Emergency Motion for Temporary Restraining Order. (Doc. 2 (the "**Motion**")).  As discussed below, the Court will grant the temporary restraining Order ("**TRO**") and set an expedited briefing schedule on Plaintiff's request for a Petition for Writ of Habeas Corpus, if ultimately required.[1]

---

[1]    As discussed below, if the Petitioner is being detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, and is not being held on criminal charges, he is to be released immediately, rendering additional briefing unnecessary. The Court is aware that the Fifth and Eighth Circuits construe the applicable statutes differently from this Court. The Fifth and Eighth Circuits are wrong. Therefore, a motion for reconsideration based on these Circuits' flawed analysis is unnecessary.

## I.    BACKGROUND

On May 6, 2026, Petitioner filed the Petition and the Motion seeking a TRO against Respondents Garrett J. Ripa, Field Director of the Miami Immigration and Customs Enforcement Office; Markwayne Mullin, Secretary of the United States Department of Homeland Security; Todd M. Lyons, Acting Director of United States Immigration and Customs Enforcement ("**ICE**"); and Todd Blanche, acting as Attorney General of the United States (collectively, the "**Respondents**") with this Court. (*See* Docs. 1, 2 ).

In the Petition, Petitioner asserts that he is a citizen of the Republic of Honduras who has lived in the United States for thirty-five years. (Doc 1, ¶ 13). According to the Petition, Petitioner was "taken into ICE custody during a traffic stop." (*Id*. ¶ 17). "Petitioner's detention is civil in nature".  (*Id*. ¶ 19). According to Petitioner, Petitioner has had "no prior criminal history or convictions of any kind" and "has no prior immigration detention history." (*Id*. ¶¶ 15, 18). Nevertheless, since his detainment, Petitioner "has not provided with a constitutionally adequate, current individualized bond hearing before a neutral decisionmaker[.]" (*Id*. ¶ 18). Accordingly, Petitioner claims that his "continued confinement, without a meaningful and contemporaneous opportunity to challenge the necessity of his detention, violates the Due Process Clause of the Fifth Amendment." (*Id*. ¶ 21).

As a result, Petitioner filed the Petition and the Motion, wherein he seeks to enjoin Respondents from transferring Petitioner from custody in the ICE Holding Facility in Orlando, Florida pending resolution of this action. (Doc. 1, pp. 11–12;

2

Doc. 2, pp. 1–2).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B).

If the movant establishes that he is justified in seeking *ex parte* relief, he then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

3

## III.   DISCUSSION

### A.   Notice

As an initial point, the Court finds the requirements imposed by Federal Rule of Civil Procedure 65 for issuing a TRO without notice to the adverse party are satisfied here. Indeed, the Court notes that Petitioner has submitted a Petition that "clearly show[s] . . . immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A); (*see* Doc. 1). As such, the Court finds it appropriate issue a TRO without itself providing notice to Respondents.

### B.   Likelihood of Success on the Merits

This Court and others have held that aliens, like Petitioner, who are present in the United States are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Guaiquire v. Quinones, Jr.*, No. 6:26-cv-169-RBD-RMN, 2026 WL 279369, at *1 (M.D. Fla. Feb. 3, 2026) (providing an exhaustive analysis of 8 U.S.C. §§ 1225 and 1226); *Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by the way of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy—ordering release or bond hearings in more than 1,600 cases—[while] just 14 judges . . . have sided with the [Government's] position.'"). This Court and others have held that such individuals

4

are subject to detention under 8 U.S.C. § 1226(a), and thus, entitled to a bond hearing.

The likelihood of Petitioner's success on the merits is largely contingent on whether his continued detention in the Orlando ICE Holding Facility is pursuant to 8 U.S.C. § 1226(a). From Petitioner's allegations, he appears to be entitled to a bond hearing for his continued detention in the Holding Facility. (*See, e.g.*, Doc. 1, ¶¶ 15–21). Consequently, his detention appears unlawful and warrants a bond hearing, and he has demonstrated a likelihood of success on the merits because the he has not been provided with a constitutionally adequate, individualized bond hearing, yet ICE continues to keep him in the Holding Facility in Orlando, Florida. (Doc. 1, ¶ 18). Simply put, the Petitioner cannot be held on an ICE detainer as the sole basis for detention. The Court has made this clear. *E.g.*, *Rodriguez v. Quinones, Jr. et al.*, 6:26-cv-187-PGB-DCI (M.D. Fla. Feb. 5, 2026), ECF No. 17.

### C.    Irreparable Harm

Next, Petitioner must demonstrate that without an injunction, he will suffer irreparable injury, which is an injury that "cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *3 (M.D. Fla. Nov. 4, 2025) (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir.

5

2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

Allowing Petitioner, who appears to be unlawfully detained, to be transferred from the Orlando ICE Holding Facility to another facility outside this Court's jurisdiction would frustrate the speedy resolution of this case and potentially impact the Court's jurisdiction. If this occurred, Petitioner would likely be unlawfully detained without due process for even longer. Petitioner, therefore, has shown that irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer beyond the jurisdiction of the Middle District of Florida pending final adjudication of the Petition or, alternatively, the release of Petitioner from ICE custody, is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention.

### D.    Balance of Equities and Public Interest

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding

6

that the balance of equities and public interest weigh in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

### E.    The Petition

The Court has expressed both in oral and written pronouncements that a Petitioner, such as here, may not be detained solely on an ICE detainer. Counsel for the Government in *Rodriguez* conceded that ICE agents arresting an alien without an arrest warrant and detaining that person without judicial intervention (i.e., a bond hearing) violated due process. Transcript of Record at 8, *Rodriguez v. Quinones, Jr. et al.*, 6:26-cv-187-PGB-DCI (M.D. Fla. Feb. 3, 2026), ECF No. 21.

Accordingly, if Petitioner's allegations are accurate and he is being held based on an ICE detainer, he must be released immediately. If Respondents have evidence that the Petitioner is being held on criminal charges, they must produce that evidence within five (5) days of this Order.[2] Similarly, if Respondents contend that Petitioner is being detained pursuant to 8 U.S.C. § 1226, they must file a notice informing the Court of this fact within five (5) days of this Order.

### IV.    CONCLUSION

---

[2]    "Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia*, 2025 WL 3078656, at *2 (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas*, 533 U.S. at 690 for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

In sum, the Court concludes that Petitioner's immigration detention and/or the absence of a bond hearing are unlawful. Petitioner's transfer outside of the Middle District of Florida would prolong said detention and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a TRO. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner need not post a security bond. *See* FED. R. CIV. P. 65(c).

To be clear, although the Court enjoins Respondents from relocating the Petitioner outside of the instant District until the Court rules on the Petition, this Order does not prevent Respondents from releasing Petitioner from detention.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Petitioner's Emergency Motion for Temporary Restraining ORder (Doc. 2) is **GRANTED**.

2.   Respondents Garret J. Ripa, Markwayne Mullin, Todd Blanche, Todd M. Lyons and their agents, officers, employees, and all persons acting in concert with them, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225.

3.   Respondents Garret J. Ripa, Markwayne Mullin, Todd Blanche, Todd M. Lyons, and their agents, officers, employees, and all persons acting in concert with them, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1226(a) unless he is provided with a bond hearing before an immigration judge within five days of his detention.

4. No security bond is required for this injunction as the Court deems it unnecessary.

5. If Petitioner is being detained pursuant to 8 U.S.C. § 1225 or an ICE detainer, Respondents Garret J. Ripa, Markwayne Mullin, Todd Blanche, Todd M. Lyons and their agents, officers, employees, and all persons acting in concert with them, are **ORDERED** to immediately release the Petitioner.

6. If Respondents have evidence establishing that the Petitioner is currently being detained on criminal charges, they must produce that evidence within five (5) days of this Order. Similarly, if Respondents contend that Petitioner is being detained pursuant to 8 U.S.C. § 1226, they must file a notice informing the Court of this fact within five (5) days of this Order. Failure to timely provide such evidence or notice to the Court will result in the Petition being immediately granted.

7. The Clerk of Court is **DIRECTED** to serve copies of this Order and the Petition (Doc. 1) as follows:

    (a) Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;

    (b) United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

9

(c)     United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

(d)     Via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

(e)     Via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530.

**DONE AND ORDERED** in Orlando, Florida on May 6, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

10