## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HECTOR ALBERTO MUNOZ-ZELAYA,**

      **Petitioner,**

v.                                                             **Case No.: 6:26-cv-985-PGB-LHP**

**TODD BLANCH, GARRETT J. RIPA, TODD M. LYONS and MARKWAYNE MULLIN,**

      **Respondents.**

_____/

## <u>ORDER</u>

This cause is before the Court for consideration without oral argument on Petitioner Hector Alberto Munoz-Zelaya's ("**Petitioner**") Petition for Writ of Habeas Corpus. (Doc. 1 (the "**Petition**")).

On May 6, 2026, the Court entered an Order granting Petitioner's Emergency Motion for Temporary Restraining Order. (Doc. 4 (the "**TRO**")). Therein, the Court temporarily enjoined Respondents Todd Blanche, acting Attorney General of the United States; Garrett Ripa, Field Office Director of the Miami Immigration and Customs Enforcement Office; Todd Lyons, acting Director of the United States Immigration and Customs Enforcement; and Markwayne Mullin, Secretary of the United States Department of Homeland Security (collectively, the "**Respondents**"); as well as all other persons or entities acting in active concert or participation with them from detaining Petitioner under 8

U.S.C. § 1225. (*Id.* at p. 8). If Petitioner was being detained pursuant to 8 U.S.C. § 1225 or an Immigration and Customs Enforcement detainer, the Court ordered Respondents and all other persons or entities acting in active concert or participation with them to immediately release Petitioner. (*Id.*).

On May 10, 2026, counsel for Respondents filed a notice advising the Court that "Petitioner was [being] held pursuant to 8 U.S.C. § 1225" and that, pursuant to the TRO, "Petitioner had been released from custody." (Doc. 5, p. 1).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Respondents Todd Blanche, Garrett Ripa, Todd Lyons and Markwayne Mullin, and their agents, officers, employees, and all persons acting in concert with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225.

3. Respondents Todd Blanche, Garrett Ripa, Todd Lyons and Markwayne Mullin, and all persons acting in concert with them, are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1226(a) until at least seven days from the date of this Order. Should Respondents elect to later detain Petitioner under 8 U.S.C. § 1226, Respondents are **DIRECTED** to release him within 72 hours of his detention unless he is provided with

2

a bond hearing before an immigration judge during that 72-hour period. If Petitioner is redetained and released, Respondents must facilitate his transportation from the detention facility by notifying his counsel of the time and place where he may be collected.

4.   No security bond is required for this injunction as the Court deems it unnecessary.

5.   The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

6.   The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained and deprived of a timely hearing but not released as ordered herein, he may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

**DONE AND ORDERED** in Orlando, Florida on May 13, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties